UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 13-66

WALTER PORTER                                SECTION: R

**ORDER AND REASONS**

Defendant Walter Porter moves the Court to continue trial in Criminal Action Number 13-66.  Because the ends of justice require a continuance, the Court GRANTS the motion.

## I.    BACKGROUND

Walter Porter presently faces federal criminal charges in three cases.[1] In Criminal Action Number 12-001, Porter is charged with RICO conspiracy, obstruction of justice, attempted murder, murder, and various firearm violations.   In Criminal Action Number 12-198, Porter is charged with conspiracy to commit two armed bank robberies, commission of both robberies, use of a firearm in connection with both crimes, and conspiracy to

_____

[1] Porter is charged in Criminal Action Number 12-001 before Judge Feldman, and in Criminal Action Numbers 12-198 and 13-66 before this Court.

commit money laundering.  Finally, in this case, Criminal Action Number 13-66, Porter is charged with conspiracy to use and use of interstate commerce facilities in the commission of murder-for-hire in addition to firearm violations.  Porter has been represented by a total of six different attorneys in connection with these cases.  Nonetheless, his current defense team of Robert Toale and Steven Lemoine has only been in place since August 28, 2015, when Lemoine was appointed to replace Porter's former attorney, Michele Fournet.

On September 17, 2015, the Court ruled that Porter is competent to stand trial.  Initially, the bank robbery case, Criminal Action Number 12-198, was scheduled to go to trial first, on November 2, 2015.  But on October 21, 2015, the Court granted Porter's motion to continue trial and pre-trial dates, finding that the ends of justice required recently-appointed attorney Lemoine additional time to prepare for trial in that case.  This left the murder-for-hire case, Criminal Action 13-66, first in line, with a jury trial scheduled to commence on December 7, 2015.

On November 30, 2015, Porter moved the court to continue pre-trial dates and trial in the murder-for-hire case, Criminal Action Number 13-66, on the grounds that attorney Lemoine had recently fallen ill and is unable to

participate effectively in a December 7, 2015 trial.[2]  Porter notes that until the Court's October 21, 2015 order continuing trial and pre-trial dates in Criminal Action Number 12-198, much of his attorneys' efforts were devoted to preparing for that trial, leaving them with less time to prepare for Criminal Action Number 13-66.[3]  He contends that given the short time frame, as well as the large number of charges, issues, and witnesses involved in the murder-for-hire case, attorneys Toale and Lemoine have necessarily engaged in a division of labor.[4]  Consequently, Toale is relatively unfamiliar with issues that have been handled primarily by his co-counsel and is unable to prepare adequately for those issues in the one week that remains before Criminal Action 13-66 is scheduled for trial.[5]  Thus, Porter argues that requiring him to proceed to trial on December 7, 2015 will cause him severe prejudice and that the ends of justice require a continuance.[6]

---

[2] R. Doc. 320.  Porter has filed an affidavit by Lemoine, which indicates that Lemoine was diagnosed with pneumonia on November 30, 2015.  Porter has also filed a doctor's note, which states that Lemoine will be unable to work at full capacity for a period of seven to ten days.

[3] R. Doc. 320-2 at 2.

[4] *Id.*

[5] *Id.*

[6] *Id.*

## II.   DISCUSSION

The Speedy Trial Act requires a defendant's trial to commence within seventy days of the indictment or when the defendant first appears before the court, whichever is later.  18 U.S.C. § 3161.  Certain actions, however, toll the seventy-day clock.  *United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007).  As relevant here, "the grant of a continuance on the basis of the court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" delays the period within which trial must commence.  *United States v. Hale*, 685 F.3d 522, 531 (5th Cir. 2012) (quoting 18 U.S.C. § 3161(h)(7)).  In determining whether to grant an "ends of justice" continuance, a court must consider "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B); *see also United States v. Jackson*, 50 F.3d 1335, 1339 (5th Cir. 1995) (noting that when new counsel is appointed, the district court has discretion "to grant a continuance for trial preparation if it determines that the ends of justice so require" (citing *United States v. Rojas–Contreras*, 474 U.S. 231, 236, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985))).

Given the unique circumstances of this case, the Court finds that the

4

ends of justice require a continuance.  Porter faces a number of serious charges in three separate cases in the Eastern District of Louisiana.  Porter was not deemed competent to stand trial in these cases until September 17, 2015, and his current two-attorney team has only been in place since August 28, 2015. Moreover, until October 21, 2015, trial in the bank robbery case, Criminal Action Number 12-198, was scheduled first.  The need to prepare for that trial reduced the amount of time that Porter's attorneys had to devote to this case, Criminal Action 13-66.  To ensure full preparation, attorneys Toale and Lemoine divided issues and witnesses amongst themselves, thereby increasing the amount of ground they could cover, but reducing each attorney's familiarity with work done by the other.  An unexpected pneumonia diagnosis now leaves Lemoine unable to participate in trial, which is scheduled to commence in a mere six days.  This leaves Porter's remaining attorney too little time to prepare adequately to defend against the Government's allegations.

For these reasons, the Court concludes that a continuance is required to ensure that Porter receives effective representation in the murder-for-hire trial.  The Court further finds that the resulting delay is reasonable under the circumstances of this case, and that the ends of justice served by a continuance outweigh the interest of the public and the defendant in a speedy trial.

## III.  CONCLUSION

For the foregoing reasons, THE COURT SPECIFICALLY FINDS, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

THE COURT FURTHER SPECIFICALLY FINDS, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(iv), that the failure to grant such continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THE COURT FURTHER SPECIFICALLY FINDS, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(I), that failure to grant the requested continuance in this case could result in a miscarriage of justice.

ACCORDINGLY, IT IS HEREBY ORDERED that the trial presently set for December 7, 2015 is continued.  IT IS FURTHER ORDERED that all counsel shall appear on **December 16, 2015 at 3:00 p.m.** to establish a new trial date.

**In addition, IT IS ORDERED THAT the deadlines for responses to all pending motions are extended by one week** from the dates set forth in the Court's November 23, 2015 trial preparation order.  Otherwise,

6

**motions practice is now closed** with respect to motions *in limine*, *Daubert* motions, and motions to suppress.  No further motions shall be entertained.

New Orleans, Louisiana, this  1st  day of December, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7