UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                CRIMINAL ACTION

VERSUS                                       NO: 13-66

WALTER PORTER                                SECTION: R

## ORDER AND REASONS

Defendant Walter Porter moves the Court to amend a Power Point presentation that the Government intends to introduce into evidence or to use as a demonstrative aid.[1]  The Court denies the motion because it finds no basis for the requested amendment.

## I.    BACKGROUND

Defendants Walter Porter, Nemessis Bates, and Aaron Smith were indicted for charges relating to the alleged November 21, 2010 murder-for-hire of Christopher Smith.  Bates was tried by jury before this Court in June 2015. During trial, the Government introduced expert testimony from Federal Bureau of Investigations Special Agent W. Charles Williams, who the Court

---

[1] R. Doc. 310.

accepted as an expert in the field of historical cell site analysis.[2] Special Agent Williams testified that call detail records for phones allegedly associated with Bates and Porter reveal, in general terms, the area in which those phones must have been when making or receiving calls at times relevant to this case.[3] The Government intends to call Special Agent Williams to present the same analysis at Porter's trial. The Government also intends to introduce into evidence, or to use as a demonstrative aid, a Power Point presentation prepared by Special Agent Williams. According to Porter, the presentation's first slide describes the presentation as an "Historical Cell Site Analysis" of "504-491-2972 (Walter Porter)."[4] The second slide states that the purpose of the analysis is to "determine the general location of the cellular telephone of Walter Porter with respect to addresses and dates of interest in the investigation."[5] Several other slides feature a photograph of Porter taken from his driver's license.

---

[2] *United States v. Nemessis Bates*, 13-cr-66, Trial Transcript at 77-80 ("Bates Trial Transcript") at 80.

[3] *Id.* at 80-144.

[4] R. Doc. 310 at 1.

[5] *Id.* at 1-2.

Porter moves to have his name and image removed from the Power Point presentation.[6]  Porter argues that because Special Agent Williams has neither personal knowledge of who used the phone in question at any given time, nor expertise relevant to that issue, he has no basis for drawing an association between Porter and the phone.   He also faults the presentation for "assum[ing], without elaboration, that the telephone number in question" was in Porter's name, when it was actually listed to another individual.  Finally, Porter contends that the use of his driver's license photograph in the presentation is unfairly prejudicial.

## II.    DISCUSSION

### A.    The Use of Porter's Name

Porter gives two arguments for why his name should be removed from Special Agent Williams's "Historical Cell Site Analysis" Power Point.  First, Porter argues that Special Agent Williams has neither personal knowledge nor expertise that would allow him associate Porter with the 504-491-2972 phone number. He contends that while Special Agent William's cell site methodology can identify where a cellular phone must have been in order to place or receive

---

[6] R. Doc. 310.

a given call, it cannot determine who was using the phone when the call went through. Porter argues that because Special Agent Williams has not "been made aware of or personally observed Mr. Porter's identity," he cannot testify that Porter used the 504-491-2972 phone number, or that the call records for that number reveal Porter's location at relevant times.

An expert witness need not have direct, first-hand knowledge of every fact that supports his or her opinion. *See Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94 (2d Cir. 2000) ("[A]n expert may rely on data that she did not personally collect."); *Matter of James Wilson Associates*, 965 F.2d 160, 172 (7th Cir. 1992) ("An expert is of course permitted to testify to an opinion formed on the basis of information that is handed to rather than developed by him. . . ."); *Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 545 (5th Cir. 1978) ("The modern view in evidence law recognizes that experts often rely on facts and data supplied by third parties."). Under Federal Rule of Evidence 703, "[a]n expert may base an opinion on facts or data . . . that the expert *has been made aware of*," as long as the information is of the type reasonably relied on by experts in his or her field. Fed. R. Evid. 703 (emphasis added).

The Government asserts that it will introduce evidence at trial from one of Porter's co-defendants, Smith, that Porter used the 504-491-2972 phone number and that Smith called Porter at that number on a regular basis.

Indeed, Smith offered similar testimony during the trial of Porter's other co-defendant, Bates.[7]  Courts routinely hold that experts may reasonably rely on sworn witness testimony in formulating their opinions.  *Metrejean v. REC Marine Logistics, L.L.C.*, No. CIV.A. 08-5049, 2009 WL 3062622, at *3 (E.D. La. Sept. 21, 2009) (finding that "deposition testimony, answers to interrogatories, and initial disclosures, as well as the report of [another expert], are sufficiently reliable bases" for an expert's opinion); *Ferag Ag v. Grapha-Holding Ag*, No. CIV. A. 91-2215-LFO, 1996 WL 293535, at *1 (D.D.C. May 29, 1996) ("[D]eposition testimony is the type of evidence upon which experts in this field consider and rely upon in forming an opinion."); *Dana Corp. v. Am. Standard, Inc.*, 866 F. Supp. 1481, 1501 (N.D. Ind. 1994) (concluding that expert could base his opinions on his understanding of what various depositions reported).  Moreover, questions related to the bases and sources of an expert's opinion generally affect the weight accorded to that opinion, rather than its admissibility.  *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996).  Accordingly, Special Agent Williams's reliance on Smith's testimony is not grounds for excluding Porter's name from the presentation.

---

[7] R. Doc. 69-70.

Second, Porter argues that the Power Point presentation "assumes, without elaboration," that the phone number in question was listed in Porter's name, when it was actually registered to another individual.  Porter has not, however, identified any portion of the Power Point that makes any representation about whose name appears on the phone records.  Special Agent Williams does not purport to testify that Porter owned the phone or that it was listed in his name; instead, he will testify that Porter used the phone and that the connections between the phone and the cellular network reveal Porter's general location over time.  Smith's testimony provides an adequate factual foundation for that analysis.  Thus, Porter's second argument fails.

Porter resists this conclusion by citing *United States v. Jones*, No. CRIM 6:12-00224-03 (W.D. La. Mar. 14, 2014).[8]  There, the court required a cell site expert to modify his Power Point presentation to reflect information contained in the phone records upon which the expert relied.  Because those records listed the phone's subscriber as "Mr. Jones," the expert was required to use that name in his presentation, rather than the defendant's full name "Arinskie Jones."  Importantly, there is no indication in *Jones* that the cell site expert had any information about who used the phone in question beyond what was

---

[8] R. Doc. 310-4.

provided in the phone records. Here, by contrast, Smith's testimony indicates that, regardless of whose name was on the phone records, Porter used the phone at times relevant to this case. *Jones* is therefore inapposite.

## B.     The Power Point Presentation's Use of Porter's Picture

Porter also argues that his photograph should be removed from the Power Point presentation under Federal Rule of Evidence 403. Rule 403 permits the Court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Porter argues that his photograph has little probative value because there is no question as to Porter's appearance or identity. According to Porter, the use of his photograph serves only to "inflame" the jury by producing a "highly emotional reaction." Contrary to Porter's assertion, there is nothing inflammatory about the photograph in the presentation. The image comes from Porter's drivers license and, in Porter's words, "simply shows a black male form the neck up looking into a camera."[9] Photographs of this nature are a familiar and unremarkable part of everyday life and, as such, are unlikely to

---

[9] R. Doc. 310 at 5.

evoke any sort of emotional response. *See United States v. Tyler*, 42 F. App'x 186, 196 (10th Cir. 2002) (affirming district court's finding that demonstrative aid containing "close-up face shot" of defendant was not unduly prejudicial). The Court therefore denies Porter's request to strike his photograph from Special Agent Williams's presentation.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to amend the Power Point presentation prepared by Special Agent Williams.

New Orleans, Louisiana, this  10th   day of February, 2016.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE