UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NOS: 13-66 |
| WALTER PORTER | SECTION: R |

### ORDER AND REASONS

Before the Court is defendant Walter Porter's "Motion In Limine Relative to Certain Aspects of the Testimony of FBI Special Agent Keith Burris."[1]  For the following reasons, the motion is denied in part.

### I.   BACKGROUND

On April 17, 2014, a federal grand jury returned a second superseding indictment against Walter Porter, charging him with the November 21, 2010 murder of Christopher Smith.  Specifically, Porter is charged with committing murder-for-hire (Count 2) and causing death through a firearm (Count 3), as well as conspiracy to possess firearms (Count 4).[2]  Porter pleaded not guilty, and his jury trial is scheduled for March 7, 2016.

---

[1]  R. Doc. 315.

[2]  R. Doc. 99.

At trial, the Government intends to introduce the testimony of Federal Bureau of Investigations Special Agent Keith Burris, a case agent who participated in the investigation of Christopher Smith's murder. According to the Government, Special Agent Burris will testify as both a fact witness and a summary witness. As a fact witness, he will explain the course of the murder investigation based upon his firsthand knowledge. As a summary witness, he will summarize bank records, phone records, rental car records, and other documents, which, according to the Government, are too voluminous and complex for direct presentation to the jury.[3]

Porter moves to limit Special Agent Burris's testimony in three respects. First, Porter argues that Special Agent Burris should be precluded from summarizing any banking records relevant to this case. Porter contends that those records, which consist of fewer than one dozen transactions, are not voluminous and can be understood without the use of summary testimony. Second, Porter argues that Special Agent Burris should be barred from repeating testimony offered by other witnesses during the Government's case-in-chief. According to Porter, such testimony would exceed the bounds of permissible summary evidence and permit Special Agent Burris to argue the

---

[3] R. Doc. 337 at 1-2, 10.

Government's case from the witness stand. Third, Porter argues that Special Agent Burris should be prohibited from describing Porter's cellular phone as a "burner phone." Porter contends that the Government has not provided him with any phone records to support that characterization and that the use of the term "burner phone" is prejudicial.[4]

## II. DISCUSSION

### A.   Special Agent Burris's Summary Testimony

First, the Court considers Porter's arguments for limiting the scope of Special Agent Burris's summary testimony. Federal Rule of Evidence 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Fed. R. Evid. 1006. Although this rule does not specifically address summary witness testimony, *United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003), the Fifth Circuit has held that "a district court does not abuse its discretion by admitting summary testimony where the evidence presented is

---

[4]   R. Doc. 315.

voluminous and complex." *United States v. Whitfield*, 590 F.3d 325, 364 (5th Cir. 2009); *see also United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990) (noting that Rule 1006 "requires only that the underlying records be voluminous and that in-court examination be inconvenient"). The Fifth Circuit has cautioned, however, that "[s]ummary evidence must have an adequate foundation in evidence that is already admitted, and should be accompanied by a cautionary jury instruction." *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001).

Special Agent Burris's summary testimony satisfies the requirements of Rule 1006 and Fifth Circuit precedent. Because one of Porter's co-defendants, Nemessis Bates, was tried by jury before this Court in June 2015, the Court is familiar with the documentary evidence in this case. This evidence includes, among other items, cellular phone records that document contacts between Porter, Bates, and Aaron Smith during the time period surrounding Christopher Smith's murder; receipts and other documents relating to a vehicle that Bates rented for Porter after Christopher Smith was killed; and bank records for an account belonging to the girlfriend of Bates's cousin. According to the Government's theory of the case, the cousin withdrew funds from the account near the time of Christopher Smith's murder, which Bates used to pay Porter and Aaron Smith for carrying out the hit.

This evidence is clearly voluminous. The cellular phone records alone document hundreds of calls between Porter and his co-defendants. *See Duncan*, 919 F.2d at 988 (permitting use of summary evidence when record consisted of "hundreds of exhibits" and "[e]xamination of the individual records would have been burdensome and time-consuming"); *see also United States v. Scott*, 427 F. App'x 869, 871 (11th Cir. 2011) (permitting use of chart summarizing phone calls made between defendant and an accomplice). Moreover, because the relevant documents record different types of contacts and transactions--cellular phone calls, banking activity, etc.--over an extended period of time, the jury may struggle to grasp the evidence's significance from the raw data alone. *See Duncan*, 919 F.2d at 988 ("We cannot rationally expect an average jury to compile summaries and to create sophisticated flow charts to reveal patterns that provide important inferences about the defendants' guilt."). Special Agent Burris's summary testimony will assist the jury by identifying correlations and chronological relationships across the data sets, which will enhance the jury's understanding of the available evidence. *See United States v. Tannehill,* 49 F.3d 1049, 1056 (5th Cir. 1995) (finding summary evidence appropriate, despite "the relative brevity of the

Government's case," because the testimony "was helpful to the jury" in its efforts to understand the voluminous documentary record).[5]

In addition, Porter has had extended, advanced access to the evidence that Special Agent Burris intends to summarize. The Government asserts that it has previously provided Porter will all documents that underlie Special Agent Burris's summary testimony. With one exception,[6] which the Court addresses below, Porter does not dispute that assertion. Indeed, because Porter's co-defendant was previously tried by jury before this Court, much of the relevant evidence, including a transcript of Special Agent Burris's summary testimony in that case, is available within the public record. Porter will therefore have ample opportunity to test the accuracy of Special Agent Burris's summaries through informed cross examination. This, together with a jury instruction the Court will provide concerning the limited use of summary evidence, eliminates any risk of prejudice to Porter. *See Bishop*, 264

---

[5] For this reason, the Court rejects Porter's argument that the bank records should not be summarized because, viewed in isolation, they are not voluminous. The Government does not seek to call Special Agent Burris to review the contents of a few pages of bank statements. Rather, Special Agent Burris will summarize a much larger body of documentary evidence, drawing connections between the bank records, cellular phone records, and other documents that are too numerous to be conveniently examined in court.

[6] Porter argues that the Government has not provided him with phone records supporting Special Agent Burris's use of the term "burner phones." The Court addresses this issue in Section B below.

F.3d at 547 (noting that "[f]ull cross-examination and admonitions to the jury minimize the risk of prejudice" from the admission of summary evidence).

As to Porter's contention that Special Agent Burris seeks to argue the Government's case from the witness stand, the Court is mindful that the Fifth Circuit has "expressed some reluctance" to endorse certain uses of summary evidence. *Whitfield*, 590 F.3d at 364. While summary charts and testimony "serve[] an important purpose," they should not be used to "simply allow the government to repeat its entire case-in-chief shortly before jury deliberations." *Fullwood*, 342 F.3d at 413–14. Here, however, it appears that the summary testimony will be limited in scope. The Government asserts that Special Agent Burris will summarize bank records, phone records, rental car records, and other documents that are too voluminous for direct presentation to the jury. This is permissible under Fifth Circuit law. *See United States v. Payton*, No. CRIM.A. 06-217, 2007 WL 2071612, at *2 (E.D. La. July 17, 2007) (finding summary witness testimony admissible when the Government did not intend to "merely repeat or paraphrase the in-court testimony of others . . . . but to actually summarize voluminous documents").

### B.   Special Agent Burris's Use Of The Term "Burner Phone"

Porter also argues that Special Agent Burris should be precluded from characterizing any cellular phone used by Porter as a "burner phone." Porter contends that he is unaware of the basis for this testimony and that the term is prejudicial because it suggests criminality.

Federal Rule of Evidence 403 permits the Court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Porter has not cited, and the Court has not found, a single case holding that use of the term "burner phone" is inherently unduly prejudicial and therefore subject to exclusion under Rule 403. *Cf. Williams v. United States*, No. 07-00272-02-CR-W-ODS, 2011 WL 3684770, at *8 (W.D. Mo. Aug. 23, 2011) (noting that a testifying witness's "use of slang is not inherently objectionable"). Indeed, courts routinely permit testimony that includes slang terminology and an explanation of its meaning, provided the testimony is relevant and satisfies the other requirements of the Federal Rules of Evidence. *See, e.g.*, *United States v. Byers*, 649 F.3d 197, 204 (4th Cir. 2011) (noting use of trial testimony concerning "burner phones" in a murder for hire case); *United States v. Chavful*, 100 F. App'x 226, 231 (5th Cir. 2004) (affirming admission of gang expert's testimony explaining the meaning of

8

various slang terms); *Burton v. United States*, 237 F.3d 490, 499-500 (5th Cir. 2000) (approving of a narcotics investigators testimony as to the meaning of code or slang words in a recorded conversation).

     Nonetheless, the Court finds that a ruling on this aspect of Porter's motion in limine would be premature at this time. *See Harris v. City of Circleville*, No. 2:04-CV-1051, 2010 WL 816974, at *2 (S.D. Ohio Mar. 5, 2010) (noting that "[a] court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible"); *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002) (concluding that a motion in limine "should not be made prematurely if the context of trial would provide clarity"). It is not clear to the Court whether Special Agent Burris or any other witness will use the term "burner phone." Nor can the Court determine, based on the available record, whether such testimony would have an adequate foundation. If Special Agent Burris intends to use the term "burner phone" a trial, he must explain what he means by the term, as well as the evidentiary basis for that characterization. If these requirements are met, the Court will permit the use of term at trial.

## III. CONCLUSION

For the foregoing reasons, Porter's motion in limine is DENIED.

New Orleans, Louisiana, this 25th day of February, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE