UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 13-66 |
| WALTER PORTER | SECTION: R |

### ORDER AND REASONS

Defendant Walter Porter moves the Court to permit him, under Federal Rule of Evidence 609(b), to cross examine a Government witness about two prior convictions, involving dishonest acts and false statements, that occurred over ten years ago.[1]  The Government does not oppose the motion.  For the following reasons, the Court grants the motion.

## I.   BACKGROUND

Porter is charged with murdering Christopher Smith on November 21, 2010.  Specifically, a second superseding indictment charges Porter with

---

[1] R. Doc. 382-1.

committing murder-for-hire (Count 2) and causing death through a firearm (Count 3), as well as conspiracy to possess firearms (Count 4).[2]

According to Porter, the Government plans to call as a witness Milton Keith Hamilton, an intimate associate of one of Porter's co-defendants, Nemessis Bates. Porter anticipates that Hamilton will testify that Bates told Hamilton that Bates hired someone to kill Christopher Smith. He also anticipates that Hamilton will testify that he regularly saw Porter at Bates's carwash following Christopher Smith's murder.[3] Porter contends that Hamilton was convicted of credit card fraud in 1992 and unauthorized use of an access device in 1996. According to Porter, these convictions are highly probative because they suggest a pattern of dishonest behavior.

## II.  LEGAL STANDARD

Federal Rule of Evidence 609 governs impeachment by proof of a witness's earlier criminal convictions. "The rule is premised on the belief that

---

[2] R. Doc. 99.

[3] Porter also submits that Hamilton will testify that Porter was one of two individuals who broke into his residence, shot and injured him, and shot and killed his life partner on June 11, 2011. That crime is not at issue in this case. And, as noted in a previous order in this case, the Government has stated that it does not intend to introduce evidence of the June 11, 2011 home invasion and shooting at trial. Thus, the Court does not consider this portion of Porter's submission in evaluating his motion in limine.

a witness's criminal past is indicative of a dishonest character or a willingness to flaunt the law." Steven Goode & Olin Guy Wellborn III, *Courtroom Handbook on Federal Evidence*, 432 (2011). Rule 609(a)(2) provides that evidence of a witness's prior criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Crimes involving dishonesty or false statement include perjury, criminal fraud, embezzlement, or any other offense involving some element of deceit, untruthfulness or falsification. Fed. R. Evid. 609, adv. comm. notes. But, under Rule 609(b), "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction is admissible only if: "(1) its probative value, supported by facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." In the Fifth Circuit, to admit evidence of prior convictions under Rule 609(b), the court "must find that the probative value substantially outweighs the prejudicial effect and base that finding on 'specific facts and circumstances.'" *United States v. Acosta*, 763 F.2d 671, 695 (5th Cir. 1985) (quoting Fed. R. Evid.

609(b)).  For convictions older than ten years, the general rule is inadmissibility.  *United States v. Hamilton*, 48 F.3d 149, 154 (5th Cir. 1995).

In weighing the probative value versus any prejudicial effect of admitting prior convictions under Rule 609(b), courts consider the following factors:

(1) The nature [impeachment value] of the crime.

(2) The time of conviction.

(3) The similarity between the past crime and the charged crime.

(4) The importance of [the witness's] testimony.

(5) The centrality of the credibility testimony.

*Id.* at 695 n. 30 (quoting *United States v. Hawley*, 554 F.2d 50, 53 n. 5 (2d Cir. 1977)).

## III.  DISCUSSION

As to the first factor, the impeachment value of the prior crimes, the Fifth Circuit has held that "prior crimes involving deliberate and carefully premeditated intent such as fraud and forgery are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent."  *United States v. Cohen*, 544 F.2d 781, 785 (5th Cir. 1977) (quoting *United States v. San Martin*, 505 F.2d 918, 923 (5th Cir. 1974)).  "[S]uch crimes are more probative on the issue of propensity to

lie under oath than more violent crimes which do not involve dishonesty." *Id.* Here, Hamilton was convicted of credit card fraud and unauthorized use of an access device. Porter represents that Hamilton obtained personal information on various people, called their banks pretending to be those people, and gained access to the victims' credit card information. Hamilton then changed the victims' addresses for the credit cards and made cash advances on the cards. Because Hamilton's prior convictions involve a calculated scheme of fraud, the impeachment value of his prior crimes weighs in favor of admission. *See United States v. Moore*, Cr. No. 12–283, 2013 WL 1345493, at *1 (D. Minn. April 2, 2013) (admitting, under Rule 609(b), prior convictions for providing false information to police and for offering a forged check as "highly probative" to defendant's truthfulness).

As to the second factor, the time of conviction, defendant represents that the convictions occurred in 1992 and 1996. This factor weighs against admission. *See Hamilton*, 48 F.3d at 154 (noting convictions older than ten years are generally inadmissible).

Where, as here, the defendant seeks to impeach a government witness, the third factor--the similarity between the past crime and the charged crime--is inapplicable.

As to the fourth and fifth factors--the importance of the witness's testimony and the centrality of the credibility testimony--Porter represents that Hamilton is an important witness for the Government because he will testify that Bates hired someone to commit the murder-for-hire for which Porter is charged in this case.[4] Porter also asserts that Hamilton has changed his story on several occasions, casting doubt on the accuracy of his testimony. Because the jury essentially has to choose between one version of events presented by the Government's witness and another version presented by the defense, Hamilton's credibility is a critical factor in the jury's evaluation of his testimony. When the crux of the case is a credibility issue, other courts have recognized that evidence of prior convictions of government witnesses takes on "special significance." *United States v. Pritchard*, 973 F.2d 905, 909 (11th Cir. 1992); *see also United States v. Brown*, 603 F.2d 1022 (1st Cir. 1979). Accordingly, the fourth and fifth factors weigh in favor of admission.

Taken together, the Court finds that the probative value of Hamilton's prior convictions substantially outweighs any prejudicial effect. In so holding,

---

[4] Porter also submits that Hamilton will testify that Porter was one of two individuals who broke into his residence, shot and injured him, and shot and killed his life partner. That crime is not at issue in this case. And, as noted in a previous order in this case, the Government has stated that it does not intend to introduce evidence of the June 11, 2011 home invasion and shooting in its case-in-chief. Therefore, the Court does not consider this aspect of Porter's submission in evaluating his motion in limine.

the Court emphasizes that the prejudicial effect is limited because it is not the defendant who will be impeached, *see United States v. Thomas*, 914 F.2d 139, 143 (8th Cir. 1990) (finding no abuse of discretion when the district court "found that the risk of unfair prejudice was minimal because [the witness] was not the defendant"), and the Court will provide a limiting instruction advising the jury that it may only consider this evidence for impeachment purposes. Further, the Government has identified no prejudice, and does not oppose the use of the prior convictions for impeachment purposes. Accordingly, Porter's motion is granted.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Porter's motion.

New Orleans, Louisiana, this  8th  day of March, 2016.

_____*Sarah Vance*_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE